# Rady, Appellant, *v.* The Scranton Railway Company.

*Negligence—Automobiles—Street car—Collision with—Contributory negligence—Non-suit.*

In an action of trespass to recover damages to an automobile the evidence established that the automobile and a street car were moving in the same direction. It further appeared that plaintiff drove in front of the street car so quickly that the motorman did not have time to avert a collision. Plaintiff knew that the car was following him and drove in front of it without looking to see whether he was in danger. Under such circumstances, the plaintiff was guilty of contributory negligence and a non-suit was properly entered.

It was the plaintiff's duty when putting his automobile on the trolley rail, or close to it, to observe the situation with reference to its proximity to the trolley car and to avoid the risk to which he subjected himself by not ascertaining its position.

Argued March 7, 1928. Appeal No. 38, February T., 1928, by plaintiff from order of C. P., Lackawanna County, October T., 1926, No. 1540, in the case of Rady, Appellant, v. The Scranton Railway Company. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages to an automobile. Before WATSON, J.

The facts are stated in the opinion of the Superior Court.

The court directed the entry of a non-suit. Plaintiff appealed.

Assignment of Error—Opinion of the Court.    [93 Pa. Superior Ct.

*Error assigned,* was the refusal of defendant's motion to take off the non-suit.

*Francis D. Mahon,* and with him *Robert J. Ruane,* for appellant.

*Walter L. Hill,* of *Knapp, O'Malley, Hill & Harris,* for appellee.

OPINION BY HENDERSON, J., April 16, 1928:

The plaintiff's automobile was injured in a collision with a trolley car of the defendant. The accident occurred about six o'clock in the afternoon on July 11. The day was clear. The automobile and the trolley car were moving in the same direction. They were stopped by a traffic signal at Jackson Street. At the change of signal, they proceeded—the automobile moving at a speed of about ten miles an hour and more rapidly than the trolley car. The occurrence of the accident was thus described by the plaintiff: "When the street car started out, I started out too, and passed the street car, and went along perhaps to the middle of the block; I pulled out with the line of cars ahead of me. I pulled out with the line of cars and I felt a bump; then my car started to slip around and the street car was pushing me sideways until my car finally landed over on the other side of the street and I was facing Scranton." In further description of the situation, he testified: "I was running along the brick alongside the rails, I hadn't come to the rails, wasn't on the rails, but was on the brick that hems in the rails." The movement of other cars in advance of the plaintiff's was obstructed by a car parked on the street. These cars were veered to the left probably on the rail and a little more to the left than the plaintiff's car. The trolley car struck the left rear bumper of the plaintiff's car. On cross-examination, the witness gave this testimony:

"Q. Tell the jury why it was you turned out towards the street car track on account of the traffic?

"A. The cars in front of me were all running out a little to the left because about a hundred feet further on from where I was hit there was a car parked and they were turning out to avoid that car.

"Q. You weren't passing any automobile going in the same direction you were going, but you were following other cars that were turning out preparatory to going by a standing automobile?

"A. Yes, sir.

"Q. Is that right?

"A. Yes, sir.

"Q. You turned out towards the street car track and you ran on what you call the rim, and didn't think at that time you were in the passage of the street car, did you?

"A. No, sir.

\* \* \* \* \* \* \* \* \*

"Q. Tell us what you did think?

"A. I didn't think there was any street car near me at all. I knew if there was a street car near me I would be in the passage of the street car; I thought I was so far ahead of it it wouldn't be near me.

"Q. You didn't look back to see it?

"A. No, sir.

"Q. You are sure about that now?

"A. Yes, I didn't look back.

"Q. You didn't look back and see that street car coming?

"A. No, sir.

"Q. Then you drove on to the bricks as you say; is that right?

"A. Yes, sir."

Further along he testified that he had run about fifty feet on this "fringe" when he was struck. The driveway between the curb and the rail was fourteen feet wide. It thus appears that the plaintiff was driving

Opinion of the Court.    [93 Pa. Superior Ct.

within the zone of the movement of the trolley car for about fifty feet at a speed of about ten miles an hour and without taking notice of the whereabouts of the trolley car that he had just passed. Mr. Burns, a witness called on his behalf and who was standing in the front part of the trolley car, saw the plaintiff's automobile running along the pavement on the side of the track and clear of the street car track, as it looked to him. The negligence complained of was that no bell was sounded or warning given of the approach of the defendant's street car. The trial court, at the conclusion of the plaintiff's evidence, granted a non-suit because of lack of evidence of the defendant's negligence, and of that action we approve. It seems clear that the accident occurred because the plaintiff drove within the line of the movement of the trolley car so quickly as not to allow the motorman reasonable opportunity to stop the car in time. At least there is no evidence from which a jury would be warranted in concluding that there was such opportunity. But conceding that there was negligence on the part of the defendant, the plaintiff was guilty of contributory negligence in putting his automobile in front of the trolley car without looking to see whether he was in danger of a collision with it. Knowing it was following him, it was his duty when driving his automobile on the trolley rail, or close to it, to observe the situation with reference to its proximity to the trolley car and to avoid the risk to which he subjected himself without ascertaining what its position was. The plaintiff's belief that the trolley car was not sufficiently near him to cause a collision was unfortunate, but his misfortune is not legally chargeable to the defendant.

The judgment is affirmed.